UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)

| | | |
|---|---|---|
| DANIELLA SLADEN | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | **Case No.:** |
| | ) | |
| PRATT & WHITNEY, | ) | **Jury Requested** |
| Defendant. | ) | |
| | ) | |

FILED BY ___ D.C.
OCT 16 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## COMPLAINT

**COMES NOW**, Plaintiff Daniella Sladen (hereinafter "Plaintiff" or "Mrs. Sladen"), by and through counsel, and files this, her Complaint against Defendant Pratt & Whitney (hereinafter "Defendant" or "Pratt"), and respectfully shows this Court as follows:

### NATURE OF COMPLAINT

1. Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2. This action seeks declaratory relief, liquidated and actual damages for Defendant's unlawful employment practices on the basis of gender in violation of Title VII of the Civil Rights Act of 1964 42 USC §§ 2000e, et seq. (hereinafter "Title VII").

### JURISDICTION AND VENUE

3. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983 and 42 U.S.C. § 2000e-5(f).

4. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights).

5. Pursuant to 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court as Plaintiff currently resides in the District.

## PARTIES

6. Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

7. Defendant Pratt is qualified and licensed to do business in the state of Connecticut, and at all times material hereto has conducted business within Connecticut.

## ADMINISTRATIVE PROCEDURES

8. Plaintiff timely contacted the State of Connecticut Commission on Human Rights and Opportunities ("CHRO") and filed a complaint against Pratt alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, et. seq., identified as EEOC Charge No. 16A-2018-01550.

9. Plaintiff has exhausted all of her administrative remedies.

10. On or about July 2018, Plaintiff submitted an Affidavit of Illegal Discrimination to the CHRO alleging that Pratt violated Title VII of the Civil Rights Act of 1964, as amended, due to discrimination based upon gender and retaliation for submitting a complaint of gender discrimination, a protected activity.

11. The EEOC issued a "Notice of Right to Sue" on July 22, 2019, entitling an action to be commenced within ninety (90) days of receipt of that notice.

12. This action has been commenced within ninety (90) days of Ms. Sladen's receipt of the "Notice of Right to Sue."

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates all information and allegations contained in the preceding paragraphs, as if fully set forth herein.

14. Plaintiff was employed by Defendant as a structures engineer.

15. Plaintiff is a female.

16. At all times relevant, Plaintiff worked under the direct supervision of Richard Monahan (male).
17. Plaintiff was a hard-working and capable employee who often received praise for her work.

*Gender Discrimination*

18. On or around February 27, 2017, Plaintiff complained of co-workers treating her unfairly discriminating against her based on her gender to her supervisor, Richard Monahan.
19. Plaintiff had recently returned from maternity leave after giving birth to her first child.
20. Plaintiff's complaint included being ignored by her co-workers, being spoken down to by her co-workers, and her work being double-checked by unqualified male co-workers.
21. Mr. Monahan dismissed Plaintiff's complaint and told her she needed to "prove herself" to her male co-workers.
22. On or around February 28, 2017, Plaintiff spoke with Mr. Monahan about her 2016 performance review, asking for feedback on receiving higher scores even though her review only contained praise for her work.
23. Mr. Monahan questioned whether Plaintiff believed she worked as hard as several male co-workers, even though she had just returned from maternity leave.
24. Mr. Monahan began to act in a hostile manner toward Plaintiff, including ignoring her in favor of her male co-workers.
25. During a meeting and despite initiating the conversation, Mr. Monahan was visibly irritated and dismissive of Plaintiff's reasons for needing to work from home.
26. Plaintiff finalized a flexible work schedule with Mr. Monahan, but he imposed many rules and restrictions that were not similarly imposed on male co-workers with flexible

work schedules, including an hourly task list due on Thursdays before Plaintiff was to work from home on Fridays.

27. On or around June 2017, Plaintiff discussed the gender discrimination and hostile work environment concerns with Denman James, Mr. Monahan's direct supervisor, and Mr. James said he would speak with Mr. Monahan.

28. On or around July 2017, Plaintiff discussed her concerns with Katherine Knapp Carney, Mr. James's direct supervisor, and she said she would speak with Mr. Monahan as well.

*Retaliation*

29. On or around August 2017, Mr. Monahan launched a time-charging investigation against Plaintiff, based on alleged poor work performance while simultaneously promoting her from a Proficiency Level 1 to Level 2 structures engineer.

30. On or around September 2017, Plaintiff met with Tasha Bradley in Human Resources and Jane O'Neill from Ethics and Compliance for her first meeting about the time charging investigation, where she was asked to provide minute by minute documentation of her idle time during several weeks throughout 2017.

31. Plaintiff complained to Ms. Bradley that this was a retaliatory action against her by Mr. Monahan.

32. Plaintiff met with Ms. O'Neill and Victoria Sawyer in Human Resources, who is Ms. Bradley's direct supervisor, for her second and final meeting about the time charging investigation.

33. Plaintiff was criticized for using too much "idle time" to pump breast milk at work as well as idle time created by everyday idle time that any engineer would incur, even though she asked for accommodations to keep working and was denied.

34. Plaintiff met with Carline Holt in Human Resources and discussed a retaliation investigation.

35. On or around October 2017, Plaintiff told Ms. Sawyer she was pregnant with her second child and expressed concerns about how to move forward considering how she has been treated.

36. Plaintiff met with Ms. Holt for the second and final time regarding the retaliation investigation and was informed that the only two interviews conducted were with herself and Mr. Monahan.

37. Plaintiff sent an email to Ms. O'Neill and Ms. Sawyer inquiring after an HR Communication that encouraged idle time and asked how the situations presented in the comnication were different from her actions.

38. On or around October 20, 2017, Plaintiff was terminated from Pratt.

39. On or around May 28, 2018, Plaintiff received a notice from the Department of Defense that she was being considered for debarment for improper time charging practices for 2016 and 2017, even though she received positive scores and reviews on her 2016 Performance Review. The investigation was initiated on the allegations of poor work performance by her supervisor.

**COUNT ONE**
Gender Discrimination
42 U.S.C. § 2000e-2(a)(1)
(Female)

40. Plaintiff incorporates all information and allegations contained in the preceding paragraphs and if fully set forth, herein.

41. Plaintiff has exhausted her administrative remedies under Title VII of the Civil Rights Act of 1964, as amended.

42. Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

43. At all times relevant to this Complaint, Defendants and their agents were acting under color of the laws, customs, and usages of Connecticut within the meaning of 42 U.S.C. § 1983.

44. Plaintiff is a member of a protected class, as she is female.

45. Defendant discriminated against Plaintiff because of her gender in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1), by engaging in, tolerating, or failing to prevent the gender-based discrimination alleged herein and by failing to take affirmative action to correct and redress these unlawful employment practices.

46. This conduct and other incidents of disparate treatment described above were because of Plaintiff's gender, pregnancy, and absence due to maternity leave, and Plaintiff did not see Defendant treat her male co-workers in the manner she was being treated.

47. The discrimination directed at Plaintiff was either intended to cause her severe emotional distress or was perpetrated with malice or reckless indifference to the likelihood that it would cause such distress. Defendant is, therefore, liable to Plaintiff for all damages proximately resulting from the distress she has suffered relating to the conduct of Defendant.

48. Due to Defendant's actions, Plaintiff was humiliated, embarrassed, and made to endure a great amount of pain and suffering and impact is on-going and permanent in nature.

49. Plaintiff has incurred lost wages and loss of career opportunity, now and into the future, without Plaintiff contributing any negligence thereto.

50. Defendants unlawful conduct negatively impacted the terms, conditions, and privileges of Plaintiff's employment.

51. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants, and employees while acting within the course and scope of their employment under the theory of *respondent superior.*

52. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff has suffered and continues to suffer from harm, injury, and monetary damaes — including, but not limited to, past and future loss of income, benefits, promotion and promotion opportunities, career opportunities, medical expenses and costs — and is entitled to all available legal and equitable remedies.

## COUNT TWO
Retaliation Based Upon Protected Activity
42 U.S.C. § 2000e-2(a)(1)
(Reprisal)

53. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

54. Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

55. At all times relevant to this Complaint, Defendants and their agents were acting under color of the laws, customs, and usages of Connecticut within the meaning of 42 U.S.C. § 1983.

56. Plaintiff has exhausted her administrative remedies under Title VII of the Civil Rights Act of 1964, as amended.

57. Plaintiff complained verbally and in writing to Defendant's management and officials regarding her belief that she was being subjected to discriminatory conduct.

58. Defendant subjected Plaintiff to the aforementioned adverse employment actions because of her participation and opposition to unlawful and discriminatory employment practices in violation of Title VII, Section 1983.

59. The adverse retaliatory actions to which Plaintiff has been subjected are a direct result of Plaintiff having previously engaged in protected EEO activity.

60. Similarly situated employees (no known prior EEO activity) were not subjected to the same, similar, or any other adverse treatment.

61. Other employees who were similarly situated, but members of a different protected class than Plaintiff, have received different terms and conditions of employment.

62. Defendant's unlawful conduct has created a climate of fear and intimidation for Plaintiff and other employees, which creates a chilling effect upon other employees' willingness to engage in protected activity.

63. Defendant's unlawful conduct negatively impacted the terms, conditions, and privileges of Plaintiff's employment.

64. Defendant's retaliatory conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her participation and opposition to Defendant's discriminatory conduct.

65. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants, and employees while acting within the course and scope of their employment, under the theory of *respondeat superior*.

66. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury, and monetary damages – including, but not limited to, past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

67. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering.

68. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity, now and into the future, without Plaintiff contributing any negligence thereto.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Order the Defendant institute a policy and procedure to be implemented against discrimination;
b. Supervisory training for the supervisors at issue herein;
c. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein; and
d. Award compensatory damages in excess of $200,000.00;
e. Award lost wages;
f. Award back pay and benefits, with interest;
g. Award future wages;
h. Award reasonable attorney fees, costs, and expenses incurred for this action;
i. Award equitable, declaratory, and injunctive relief;
j. Award differential in salary compared to similarly-situated male counterparts; and
k. Award such other and further relief as this Honorable Court deems just and proper.

## JURY DEMAND

69. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands trial by jury on all issues so triable.

Dated: October 14, 2019

Respectfully submitted,

*[signature]*
Daniella Sladen
1209 SW 75th Ave
North Lauderdale, FL 33068

*Pro Se*